UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ELLIS HUBBARD III, *individually, and on behalf of those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>GOLDSCHMITT AND ASSOCIATES, LLC,<br><br>Defendant. | Civil Action No. 1:25-cv-00812 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Civil Rule 7, Defendant Goldschmitt and Associates, LLC submits this memorandum of law in support of its Motion to Dismiss Plaintiff's Class Action Complaint ("Complaint").

**I.   INTRODUCTION**

At the end of April, Defendant received notice that the Government was reducing the headcount on one its contracts abruptly and unexpectedly. As a result, Defendant unfortunately had to terminate the employment of Plaintiff Ellis Hubbard III. Plaintiff, a former remote employee of Defendant, alleges he was entitled to 60-days' advance notice of his employment termination under the federal Worker Adjustment and Retraining Notification ("WARN") Act. He asserts this claim on behalf of himself and seeks to represent a putative nationwide class of other former employees of Defendant who were terminated at around the same time and did not receive WARN notice. Plaintiff's claim should be dismissed, even when accepting the factual allegations of Plaintiff's Complaint as true.

Plaintiff does not (and cannot) plead facts showing he was entitled to 60-days' advance notice of his layoff.[1] WARN Act notice obligations are triggered only when 50 or more employment losses occur at a "single site of employment." Plaintiff, however, alleges he worked for Defendant from his home. He does not (and cannot) allege 50 or more employees were terminated from his home office. Instead, he alleges he should have received WARN Act notice before his layoff because he reported to and received work assignments from Defendant's corporate headquarters in Virginia, which constituted the "single site of employment" with other terminated employees.

This theory is not supported by the WARN Act or its implementing regulations. Plaintiff's Complaint relies upon a WARN Act regulation that recognizes, in certain circumstances, mobile employees whose duties require them to travel from point to point, be temporarily stationed at locations away from their employer's normal worksites, or work outside of a regular employment site, may be grouped together and treated as if they worked at a single location. 20 C.F.R. § 639.3(i)(6). But Plaintiff was not a mobile worker; he had a fixed site of employment (his home). As a result, this regulatory provision that applies to traveling salespersons, bus drivers, and railroad workers (*i.e.*, mobile workers), does not apply to Plaintiff or the other remote employees he seeks to represent. Further, Plaintiff's allegation that the Virginia facility was a "single site of employment" is a legal conclusion that is entitled to no weight and contradicts how courts have interpreted WARN Act regulations in situations where the employees at issue all worked remotely from their homes.

---

[1] Defendant issued WARN notice, but it was not 60 days' notice due to unforeseeable business circumstances related to the government significantly reducing the headcount on a contract suddenly and without notice.

Thus, because Plaintiff's allegations establish neither that he worked at a single site of employment at which 50 or more employees were laid off nor that he was a mobile worker (like a bus driver or traveling salesperson), he has not stated a plausible WARN Act claim. For this reason, and as explained in greater detail below, Defendant requests that this Court dismiss Plaintiff's claim in its entirety.

## II. STATEMENT OF ALLEGED FACTS[2]

Defendant is a Virginia based limited liability company with its corporate headquarters in Sterling, Virginia. (Compl. ¶¶ 2, 12). All of Defendant's employees at issue worked fully remote from their homes, including Plaintiff who worked from his home in Texas as a fully remote employee. (Compl. ¶¶ 11, 17). Plaintiff alleges that all employees "reported to and received work assignments from" the Defendant's facility in Sterling, Virginia. (Compl. ¶ 17). There is no allegation in the Complaint demonstrating that Plaintiff or any other employees were required to travel as part of their primary job duties.

On May 1, 2025, Plaintiff and approximately 217 other Defendant employees were laid off. (Compl. ¶¶ 16, 18). On April 24, 2025, Defendant informed a group of employees including Plaintiff that their jobs would be terminated on May 1, 2025. (Compl. ¶ 15). This claim followed.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165 (4th Cir. 2016). In order to survive a 12(b)(6) motion to dismiss, a

---

[2] Defendant does not concede the accuracy of Plaintiff's allegations. However, because a Rule 12(b)(6) motion tests the sufficiency of a complaint, a district court "'must accept as true all of the factual allegations contained in the complaint', and 'draw all reasonable inferences in favor the plaintiff.'" *Kensington Volunteer Fire Dept. v. Montgomery County*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. Du Pont De Nemours & Co. v, Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

complaint must state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see* Fed. R. Civ. P. 8(a). "A complaint must be dismissed if the plaintiff's allegations fail to state a claim upon which relief can be granted." *Sunkins v. Hampton Roads Connector Partners*, 701 F. Supp. 3d 342, 350 (E.D. Va. 2023). Here, Plaintiff's Complaint fails to state a plausible claim for relief and therefore must be dismissed.

IV.   ARGUMENT

    A.   **WARN Act General Requirements**

The WARN Act requires, with certain exceptions, that employers give 60-days' advance notice to affected employees and certain governmental officials in the event of a "mass layoff" or "plant closing" 29 U.S.C. §§ 2101, 2102. Critically, to qualify as a "plant closing" or "mass layoff," an employment loss event must affect at least fifty (50) employees at a "single site of employment." *Id.* The term "plant closing," for example, is defined as:

> the permanent or temporary shutdown of *a single site of employment*, or one or more facilities or operating units within *a single site of employment*, if the shutdown results in an employment loss at *the single site of employment* during any 30-day period for 50 or more employees excluding any part-time employees.

29 U.S.C. § 2101(a)(2) (emphasis added). The term "mass layoff" likewise means "a reduction in force" that is "not the result of a plant closing" and that "results in an employment loss at *the single site of employment* during any 30-day period" for either (i) "at least 33 percent of the employees (excluding any part-time employees)" and "at least 50 employees (excluding part-time employees)" or (ii) "at least 500 employees (excluding any part-time employees)." 29 U.S.C. § 2101(a)(3) (emphasis added). Thus, an employee with a fixed single site of employment "where fewer than fifty individuals suffered an employment loss" is generally "outside of the protections of the WARN Act." *Meson v. GATX Tech. Servs. Corp.*, 507 F.3d 803, 808 (4th Cir. 2007);

*Teamsters Local Union 413 v. Driver's, Inc.*, 101 F.3d 1107, 1108 (6th Cir. 1996) ("In order to trigger the [WARN] Act, fifty employees must be affected at a 'single site.'").

> **B.     Plaintiff Does Not Properly Allege He Worked at a Single Site of Employment from Which 50 or More Employees Were Laid Off.**

Plaintiff alleges he worked for Defendant remotely from his home. (Compl. ¶ 11). Despite working from home, however, he asserts that because he allegedly reported to and received assignments from Defendant's corporate headquarters in Virginia, that location—and not his home office—constitutes a "single site of employment" for WARN Act purposes. (Compl. ¶ 17). But nothing in the WARN Act or its implementing regulations supports Plaintiff's assertion that he should have been counted at any location other than his home, where he actually worked.

The WARN Act is concerned with layoffs at a "single site of employment." 29 U.S.C. § 2102(a). The statute itself does not define "single site of employment," but interpretive regulations issued by the U.S. Department of Labor ("DOL") do. *Driver's*, 101 F.3d at 1109. Under those regulations, "[a] single site of employment can refer to either a single location or a group of contiguous locations." 20 C.F.R. § 639.3(i)(1). Generally, however, each physically separate location is presumptively a separate "single site of employment." *Driver's*, 101 F.3d at 1109. Thus, "[n]on-contiguous sites in the same geographic area which do not share the same staff or operational purpose should not be considered a single site." 20 C.F.R. § 639.3(i)(4). "For example, assembly plants which are located on opposite sides of a town and which are managed by a single employer are separate sites if they employ different workers." *Id.* This is true, even though they are on opposite sides of the *same* town. *Id.*

Consistent with the plain language of the WARN Act and its regulations, employees typically have just one single site of employment—the site where they perform their work. *See Bader v. Northern Line Layers, Inc.*, 503 F.3d 813, 819 (9th Cir. 2007) (construction workers at

disparate constructions sites were assigned to the construction sites where they labored, rather than the company headquarters). Allegations that employees report to corporate headquarters for payroll and other centralized administrative functions are not enough to show those employes should be counted at corporate headquarters rather than the site where they actually perform their work. *See, e.g., Driver's,* 101 F.3d at 1111 (centralized payroll and other centralized managerial or personnel functions are not enough to deem a location the single site of employment for all company employees).

A narrow exception exists for mobile employees "whose primary duties require travel from point to point, who are outstationed,[3] or whose primary duties involve work outside any of the employer's regular employment sites (*e.g.*, railroad workers, bus drivers, salespersons)." 20 C.F.R. § 639.3(i)(6). These employees have a single site of employment under WARN at the location "to which they are assigned as their home base, from which their work is assigned, or to which they report." *Id*. This narrow exception, however, applies only to "truly mobile workers" "without a regular fixed place of work." *Meson*, 507 F.3d at 809; *see also Karroll v. Car Toys*, 2025 U.S. Dist. LEXIS 18724, at *31-32 (D.S.C. Feb. 3, 2025) (dismissing the complaint because plaintiff failed to establish that their primary duties required travel that rendered them mobile workers without a regular, fixed place of work). The DOL included "railroad workers, bus drivers, [and] salespersons" as examples of employees covered by the exception because all three positions require travel from point to point (*i.e.*, they are mobile). *See* Worker Adjustment and Retraining

---

[3] The term "outstationed" "connotes a situation where employees live for a short period of time at a certain site, departing for home when the work is done." *Bader*, 503 F.3d at 819; *accord Wiltz v. M/G Transp. Servs., Inc.*, 128 F.3d 957, 962 (6th Cir. 1997) ("'outstationed' employees will obviously live, for some period, at the place where they are stationed, just as towboat employees may live on a towboat for up to thirty days at a time"). Under this definition, the instant Plaintiff was not outstationed. He did not "depart[ ] for home when the work [was] done;" rather, he performed the work at his home.

Notification Act, 54 Fed. Reg. 16042, 16051 (April 20, 1989) (referring to 20 C.F.R. § 639.3(i)(6) as "that part of the regulation relating to *mobile* workers") (emphasis added).

In considering the outstationed worker exception in a case with facts similar to those here, the court in *In re Storehouse, Inc.*, 2010 WL 4453849 (Bankr. E.D. Va. Nov. 3, 2010), rejected the debtor's argument that she should be counted for WARN Act purposes at her employer's corporate headquarters in Florida, where her supervisor was based, because the single site of employment for a remote employee with a fixed at-home workspace is the employee's home. *Id.* *4. The court observed that the "alternative to finding that a telecommuter's single site of employment is his or her home would be to find that the single site of employment is determined by where he or she receives work from and reports to," but "[s]uch an interpretation would not make sense within the broader outlines of the WARN Act." *Id.* Indeed, under that alternative, an employee who worked remotely from her home in northern Maine could be counted at an employment site in Honolulu, 5,000 miles away, merely because the Maine-based remote employee received work from a supervisor in Hawaii. WARN did not intend that result. *See Meson,* 507 F.3d at 810 (to permit a remote employee with a fixed workplace to claim company headquarters as her single site of employment would be to imbue the DOL's definition of "single site of employment" with a "potentially limitless" scope that neither "Congress [n]or the Department of Labor intended").

In *Piron v. Gen. Dynamics Info. Tech., Inc.*, Case No. 3:19-cv-00709-REP, 2020 WL 1159383 (E.D. Va. Mar. 10, 2020), the court, faced with a similar question, also concluded that remote employees who worked from their homes but reported to and received assignments from managers in the defendant's corporate headquarters did not state a plausible WARN Act claim because the plaintiffs did not work at the corporate headquarters and were not mobile workers. *Id.* at **2-4. In dismissing the plaintiffs' complaint, the court observed that "mere conclusory

allegations that Plaintiffs worked remotely or worked at a particular location" could not show that plaintiffs were *mobile* as required by the applicable regulations. *Id.* at *4.[4]

The same result is required here. Plaintiff does not (and cannot) allege he or other employees were mobile or lacked a "fixed place of work." Quite the opposite, Plaintiff affirmatively alleges he worked from home. (Compl. ¶ 11). The Complaint is devoid of facts—much less well-pleaded facts—from which the Court could reasonably infer Plaintiff was a "truly mobile worker" or that his single site of employment for WARN Act purposes should be anything other than the fixed home office location from which he performed his job. Plaintiff pleads nothing to suggest his job was like those of railroad workers, bus drivers, or traveling salespersons—truly mobile employees to whom the "outstationed worker" exception applies.

As a result, Plaintiff's conclusory allegations that he "reported to and received work assignments from" Defendant's Virginia facility, thus making that a single site of employment, is immaterial to whether the outstationed worker regulation actually applies to him in the first place. That rule only applies where the employee is mobile, which Plaintiff here was not. 20 C.F.R. § 639.3(i)(6); *Meson*, 507 F.3d at 809. Further, Plaintiff does not (and cannot) allege he and the

---

[4] The same court later certified a class that included remote workers, but only after plaintiffs substantially amended the complaint to "allege[ ] facts from which it plausibly could be held that the plaintiffs and class members fit within the so-called 'mobile worker' category [in *Meson*]." *Piron v. Gen. Dynamics Info. Tech., Inc.*, 2022 WL 363958, at *3 (E.D. Va. Feb. 7, 2022). Specifically, the plaintiffs in *Piron* alleged in their second amended complaint that they were investigators for the defendant and were "required . . . to travel, usually by car, to each interview and record review." *Piron v. Gen. Dynamics Info. Tech., Inc.* Case No. 3:19-cv-00709-REP (E.D. Va.), Second Amended Complaint, ¶ 24. The plaintiffs further alleged that: (1) all of their investigatory interviews "had to be conducted face-to-face" and all record reviews has to be "at their locations"; (2) on occasion they were required to take "multi-day trips," to complete investigations; and (3) the defendant "required that Investigators be available for travel overnight away from their homes up to 100 miles 25% of their time, according to the job description." *Id.* at ¶¶ 25-29. Unlike the mobile investigators in *Piron*, Plaintiff here has not (and cannot) allege he and other remote employees in the putative class traveled overnight or traveled at all for work purposes.

217 other employees he seeks to represent were terminated from his home office. That allegation would be illogical.

Therefore, because Plaintiff worked for Defendant from a fixed location within his own home, the single site of employment was his home. As the only employee based in his home, no WARN notice was due to Plainitff, or any other remote employee, because there were not 50 or more employees laid off from Plaintiff's or anyone else's home.

## V. CONCLUSION

In sum, this Court should grant Defendant's motion in its entirety and dismiss Plaintiff's Complaint because Plaintiff pleads no facts showing he worked at a single site of employment where WARN Act notice obligations were triggered—he worked alone from home. For this reason, Defendant asks this Court to dismiss Plaintiff's Complaint in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: July 11, 2025

Respectfully submitted,

*s/ Yvette V. Gatling*
Yvette V. Gatling, Bar No. 92824
ygatling@littler.com
Michael Scott McIntosh, Bar No. 83416
mmcintosh@littler.com
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
Telephone: 703.286.3143
Facsimile: 703.842.8211

*Counsel for Defendant Goldschmitt and Associates, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July 2025, a copy of the foregoing was served using the Court CM/ECF service on the following counsel of record:

Devon J. Munro
**MUNRO BYRD, P.C.**
120 Day Ave. SW, Suite 100
Roanoke, VA 24016
dmunro@trialsva.com

J. Gerard Stranch, IV
Michael C. Iadevaia
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Samuel J. Strauss
Raina C. Borrelli
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703
sam@straussborrelli.com
raina@straussborrelli.com

                                                  */s/ Yvette V. Gatling*
                                                  Yvette V. Gatling