IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ELLIS HUBBARD III, *individually and on behalf of those similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Civil Action No. 1:25-cv-812 (RDA/WBP) |
| v. | ) ) |
| GOLDSCHMITT AND ASSOCIATES, LLC, | ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Goldschmitt and Associates, LLC's Motion to Dismiss (Dkt. 4). This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been briefed and is now ripe for disposition. Considering the Motion together with Defendant's Memoranda in Support (Dkt. 5), Plaintiff's Opposition (Dkt. 13), Defendant's Reply (Dkt. 18), and Plaintiff's Notice of Supplemental Authority (Dkt. 19), this Court GRANTS the Motion for the reasons that follow.

### I. BACKGROUND

#### A. Factual Background[1]

Plaintiff Ellis Hubbard III is a resident of Texas and was employed by Defendant. Dkt. 1 at 2. Defendant is a limited liability company incorporated in Virginia and operated a facility, located at 21515 Ridgetop Circle, Sterling, VA 20166 (the "Facility"), where Plaintiff was employed. *Id.* On his behalf and on behalf of a nationwide class of "all employees of Defendant

---

[1] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of May 1, 2025," Plaintiff asserts violations of the WARN Act, 29 U.S.C. §§ 2101, *et seq. See generally* Dkt. 1.

On or about April 24, 2025, Defendant informed a group of employees, including Plaintiff, that their jobs would be terminated on May 1, 2025. *Id.* at 3.  Plaintiff asserts that at least 217 employees were terminated from the Facility. *Id.*  Although Plaintiff and the employees worked from their homes, Plaintiff asserts that they all reported to and received work assignments from the Facility. *Id.*  Plaintiff was terminated on May 1, 2025. *Id.*  Plaintiff alleges that Defendant did not provide proper notice at least 60 days in advance, as required by the WARN Act even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the Facility's employees. *Id.*  Plaintiff further asserts, upon information and belief, that no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b). *Id.* at 3, 4.  And, Plaintiff alleges that, by failing to provide its affected employees who were temporarily or permanently terminated on or around May 1, 2025, with proper WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the WARN Act. *Id.* at 4.

B.    Procedural Background

Plaintiff filed his Complaint on May 9, 2025. Dkt. 1.  On July 11, 2025, Defendant filed a Motion to Dismiss Plaintiff's Class Action Complaint. Dkt. 4.  On July 18, 2025 Plaintiff filed an unopposed Motion for extension of time to respond to Defendant's Motion to Dismiss.  Dkt. 8.  On July 23, 2025, the Court granted Plaintiff's extension (Dkt. 9) and, on August 8, 2025, Plaintiff filed his Opposition (Dkt. 13).  On August 21, 2025, Defendant filed a Reply.  Dkt. 18.  On March 11, 2026, Plaintiff filed a Notice of Supplemental Authority.  Dkt. 19.

2

## II.    STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion, *see Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015), but they "may consider documents . . . attached to the motion to dismiss, as long as they are integral to the complaint and authentic[,]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

## III.    ANALYSIS

Plaintiff alleges that the Facility was his single site of employment and that Defendant did not provide proper notice under the WARN Act. Dkt. 1 at 1. Defendant moves this Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted because Plaintiff's single site of employment was his home. Defendant therefore argues that Plaintiff

3

cannot show that at least 50 employees were terminated from their single site of employment. *See generally* Dkt. 5. Because Plaintiff fails to plausibly state a claim for relief, the Court will grant Defendant's Motion.[2]

Based on the factual allegations contained within the Complaint, Plaintiff's single site of employment is his home, from where he worked and thus his Complaint will be dismissed. The WARN Act was enacted to require employers to provide notice of sudden, significant employment loss so that workers could seek alternative employment and their communities could prepare for the economic disruption of a mass layoff. *See Meson v. GATX Tech. Servs. Corp.*, 507 F.3d 803 (4th Cir. 2007) (citing *Bader v. N. Line Layers, Inc.*, 503 F.3d 813, 817 (9th Cir. 2007); 20 C.F.R. § 639.1(a)). The Act requires certain employers to provide affected employees with 60 days' notice of a plant closing or "mass layoff." 29 U.S.C. § 2102(a). The Act further provides that an employer who fails to provide this notice is liable to each affected employee for backpay, benefits, and attorney's fees. 29 U.S.C. § 2104(a). A "mass layoff" is defined as a reduction in work force at a "single site of employment" that affects at least thirty-three percent of the employees at the site and a minimum of fifty employees in a thirty-day period. 29 U.S.C. § 2101(a)(3).

---

[2] Whether Plaintiff has appropriately alleged the statutory elements of a WARN Act claim is appropriately assessed on a motion to dismiss. *See e.g.*, *Spain v. Va. Commonwealth Univ.*, 2009 WL 2461662, at *5 (E.D. Va. Aug. 11, 2009) (finding that the WARN Act claim failed as a matter of law because the pleading showed that the defendant did not qualify as an "employer" under the Act)). And, the Court is not required to accept as true at this stage of the litigation Plaintiff's allegations regarding what qualifies as his single site of employment. *See United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (holding that a court should "not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'"). Thus, the Court is not required, as Plaintiff contends, to take as true his assertion that his "single site of employment" is the Facility. Dkt. 13 at 1, 2; *see Piron v. General Dynamic's Info. Tech., Inc.*, 2020 WL 1159383 at * 4 (E.D. Va. 2020) (finding that Plaintiff's amended complaint fails to adequately or plausibly allege an element of the asserted WARN Act claim: the single site of employment element).

4

"Single site of employment" is not defined by the WARN Act, but, in *Meson*, the Fourth Circuit provided guidance on how the term applies to workers who at times, do not work at the facility from which they receive work assignments. *See Meson* 507 F. 3d. at 809. In *Meson*, the Fourth Circuit interpreted the term "mobile workers" as used in 20 C.F.R. § 639.3(i)(6), the federal regulation applicable to the WARN Act. *Id.* Section 639.3(i)(6) defines "mobile workers" as employees whose primary duties require travel from point to point, primary duties involve work outside any of the employer's regular employment sites (*e.g.*, railroad workers, bus drivers, salespersons), or are out-stationed. *Id.* For those mobile workers, *Meson* recognized that the single site of employment for WARN Act purposes is the location to which they are assigned as their home base, from which their work is assigned, or to which they report. *Id.* The Fourth Circuit interpreted the term "mobile workers" narrowly, recognizing that "subpart (6) could be read literally to cover almost any employee who leaves [their] office," and held that "we believe it was intended to apply only to truly mobile workers without a regular, fixed place of work." *Id.* Applying this principle to the facts presented in *Meson*, the Fourth Circuit rejected the plaintiff's self-categorization as a mobile worker and found that he worked out of an office in Falls Church, Virginia despite client travel and occasional work from the company's headquarters. *Id.* at 810.

Other judges in this Circuit have ruled similarly. In *Piron*, the plaintiffs similarly alleged a WARN Act notice violation. *Piron*, 2020 WL 1159383 at *1. There, the plaintiffs all worked remotely until their employment was terminated. *Id.* at *2. Despite their remote work, the plaintiffs claimed that they were all mobile workers who were terminated from the same single site of employment. *Id.* at *2. U.S District Judge Robert Payne determined that the plaintiffs were not mobile workers under *Meson* and ruled that "[t]he mere conclusory allegations that plaintiffs

worked remotely or worked at a particular location do not meet that standard." *Id.* at *4.[3]

Similarly, in *In re Storehouse, Inc.*, 2010 WL 4453849 (Bankr. E.D. Va. 2010), the Bankruptcy Court rejected plaintiff's argument that he was a mobile worker because his work did not require travel and found that his single site of employment was where he performed his work duties. Applying the Fourth Circuit's holding in *Meson* to the facts presented here, plaintiff's single site of employment was his home, where he primarily worked. Dkt. 1 at 1 ¶ 3 ("Plaintiff and the putative class of similarly situated employees worked remotely from their homes."); *id.* at 3 ¶ 17 ("Plaintiff and the employees worked from their home").

Plaintiff argues that he is a mobile worker pursuant to subpart 6. Dkt. 13 at 7. But, again, Plaintiff concedes in his Complaint that he, and the putative class members), *worked from home*. Dkt. 1 at 1 ¶ 3 ("Plaintiff and the putative class of similarly situated employees worked remotely from their homes."); *id.* at 3 ¶ 17 ("Plaintiff and the employees worked from their home"). Rather than argue that he has fairly alleged that he falls within subpart 6 or that the Facility constitutes his single site of employment, Plaintiff makes broad arguments that the Court should not decide the issue at this stage of the litigation and speculates that Plaintiff *could* fall within any number of clauses in WARN Act regulations. *See* Dkt. 13 at 5, 6, 7 (each arguing that "Plaintiff *could*" not that "Plaintiff *does*"). Essentially, Plaintiff's argument is that: "Remote workers like Plaintiff *could, depending on the exact facts,* fall into any number of the situations outlined in 20 C.F.R. § 639.3(i)(6) or 20 C.F.R. § 639.3(i)(8)." *Id.* at 7. This argument is entirely premised on speculation. *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F. 3d 582, 587 (4th Cir. 2015) (recognizing that, "the Supreme Court has, with *Iqbal* and *Twombly*,

---

[3] Defendant appropriately notes that, when provided with additional factual allegations (not present here), the court in *Piron* eventually permitted the WARN Act claims to move forward. *See Piron v. Gen. Dynamics Info. Tech., Inc.*, 2022 WL 363958, at *3 (E.D. Va. Feb. 7, 2022).

rejected the sufficiency of complaints that merely allege the possibility of entitlement to relief, requiring plausibility for obtaining such relief and thus rejecting a complaint in which the plaintiff relies on speculation"). Plaintiff is the master of his Complaint and, under established Supreme Court precedent, Plaintiff is required to allege facts that plausibly state a claim. *Twombly*, 550 U.S. at 570. Thus, speculation that Plaintiff could qualify for any number of provisions is not sufficient defeat a motion to dismiss.

Seeking to avoid this conclusion, Plaintiff relies on out-of-Circuit authority and asks this Court to reject binding Fourth Circuit authority as inapposite because it was "[d]ecided decades before remote work was common." Dkt. 13 at 9. This the Court cannot do, for it is bound to follow Fourth Circuit authority. Indeed, to the extent that Plaintiff relies on cases arising out of the Ninth Circuit, the Fourth Circuit explicitly rejected the approach that the Ninth Circuit adopted. *See Meson*, 507 F.3d at 810 ("Notwithstanding this alternative approach, we find that the purposes of the WARN Act, the provisions' language, and the Department of Labor commentary make it plain that subpart (6) was not intended to cover employees like Meson."). Accordingly, Plaintiff's arguments in this regard are not persuasive.

Based on the Fourth Circuit's interpretation of subpart (6), Plaintiff misconstrues the definition of mobile worker. Although Plaintiff's "primary duties involve[d] work outside any of [his] employer's regular employment sites," that was simply because Plaintiff and the other members of the class worked from home. *See* Dkt. 13 at 6. Plaintiff does not allege that he or the members of the class traveled routinely as a part of their professional responsibilities. Indeed, Plaintiff's Complaint contains very few allegations about the nature of his work and for what and how often he travelled to the Facility. Plaintiff also does not allege that he or any member in the class had job functions that required them to travel to various locations on a regular basis. The mobile worker carveout is narrowly applied and does not apply to employees who simply have

alternative work locations from where they receive instruction and to which they report. Thus, this Court follows the applicable authority from *this Circuit* and, as with the case in *Meson* and *Piron*, finds that Plaintiff has failed to allege that his single site of employment was the Facility or that the Facility was the single site of employment for any member of the putative class. Consequently, Plaintiff fails to plausibly state a claim under the WARN Act, because he has not plausibly alleged that any employees terminated on May 1, 2025 – let alone the 50 required by the WARN Act – were terminated from a single site of employment.

Moreover, an employee who had a fixed workplace where fewer than fifty individuals suffered an employment loss would seem, on the face of the statute, outside of the protection of the WARN Act. *Meson* 507 F. 3d at 808. Thus, even to the extent other persons within the putative class may have worked at the Facility, Plaintiff's failure to state a claim here deprives him of the ability to represent that class, because he does not have such a claim. *See East Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (holding plaintiffs were "not proper class representatives" because their individual claims were without merit).

\* \* \*

In sum, the Complaint must be dismissed because Plaintiff has not sufficiently pled all elements required for a claim under the WARN Act. Because Plaintiff could conceivably plead additional facts regarding his work (as in *Piron*), the Court cannot say that amendment would be futile here and will permit amendment.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 4) is GRANTED; and it is

FURTHER ORDERED that the Complaint (Dkt. 1) is DISMISSED WITHOUT PREJUDICE; and it is

8

FURTHER ORDERED that Plaintiff is DIRECTED to file any amended complaint on or before April 18, 2026. Plaintiff is WARNED that if he failed to file an amended complaint his case could be closed without further proceedings. If Plaintiff fails to file an amended complaint, Defendant is DIRECTED to file a notice with the Court so stating.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to all counsel of record.

IT IS SO ORDERED.

Alexandria, Virginia
March ___18, 2026

_____ /s/
Rossie D. Alston, Jr.
United States District Judge

9