UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ELLIS HUBBARD III, *individually and on behalf of those similarly situated*,<br><br>        Plaintiff,<br><br>    v.<br><br>GOLDSCHMITT & ASSOCIATES, LLC,<br><br>        Defendant. | Case No. 1:25-cv-812 (RDA/WBP)<br><br>**AMENDED<br>CLASS ACTION COMPLAINT**<br><br> **JURY TRIAL DEMANDED** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Consistent with this Court's March 18, 2026 order, D.E. 20, Ellis Hubbard III ("Plaintiff"), individually and on behalf of those similarly situated former employees as defined herein, brings this suit against Goldschmitt & Associates, LLC, ("Defendant"), by way of this First Amended Class Action Complaint, alleging as follows:

**NATURE OF THE ACTION**

1.      This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff, individually and on behalf of the other similarly situated former employees, against Defendant, the employer for WARN Act purposes.

2.      Goldschmitt & Associates is an employer and business management consulting company that provides consulting, technological support, and management services to private companies and governments.

1

3.     Plaintiff Hubbard was employed as a full-time Goldschmitt employee for two years before he was terminated.

4.     Defendant operates a facility located at 21515 Ridgetop Circle, Sterling, VA 20166, where Plaintiff and other similarly situated employees worked ("Facility").

5.     At all times relevant to this Complaint, Plaintiff and class members took direction from the Sterling Facility.

6.     Plaintiff and the putative class of similarly situated employees worked remotely from their homes. At all relevant times, however, Plaintiff and the putative class received assignments from the Facility and otherwise directly reported to the Facility.

7.     Upon information and belief, within 90 days of May 1, 2025, Defendant terminated over fifty and/or at least 33% of active full-time employees, including Plaintiff, at the Facility.

8.     Defendant failed to provide 60 days' advance notice of these terminations.

9.     Plaintiff brings this action, individually, and on behalf of other similarly situated former employees who worked for Defendant and were terminated as part of the foreseeable mass lay off or plant closing ordered by Defendant on or around April 24, 2025, which was effectuated on May 1, 2025, and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.

10.    Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

2

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

13.     At all relevant times, the Representative Plaintiff is a member of the Nationwide class (as defined below).

14.     Plaintiff Ellis Hubbard III is a citizen of the United States and resident of Texas. Plaintiff Hubbard was employed by Defendant at all relevant times at the Facility. Plaintiff Hubbard was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). Plaintiff Hubbard was terminated without cause and did not receive 60 days' notice before termination.

15.     Defendant Goldschmitt & Associates, LLC, is incorporated in Virginia, with a corporate headquarters located at 21515 Ridgetop Circle, Sterling Virginia. Defendant at all times operated the Facility. As registered with the Virginia Secretary of State, Defendant may be served by its registered agent, Member, Marc Goldschmitt, 11601 Quail Ridge Ct, Reston, VA 20194.

16.     Upon information and belief, Defendant conducted business in this district and, at all relevant times, operated the Facility, where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

17.     Defendant made the decision to terminate employees, including Plaintiff and those other similarly situated former employees, without 60 days' advance notice, terminating over 50 employees and at least one-third of the workforce.

**FACTS**

18.     Hubbard was a manager of a call center with the Small Business Administration ("SBA"), an agency of the federal government, for three years prior to his employment with Goldschmitt.

19.     Goldschmitt bought the project and began to employ Plaintiff in 2023. More than two hundred people worked on the project operating a call center with the SBA. After Goldschmitt purchased the project, all employees of the call center, including Plaintiff, became Goldschmitt employees.

20.     The call center would process telephone calls to the SBA relating to business that individuals had with the SBA, including processing and payback of PPP loans issued by the SBA during the COVID-19 pandemic.

21.     SBA would issue the project with a batch or program of SBA loans and assign them to certain call centers.

22.     Goldschmitt operated the call center after it purchased the project in 2023.

23.     Everyone working at the call center, including Plaintiff, was a Goldschmitt employee and was paid directly by Goldschmitt.

24.     Every employee operating the call center – from managers like Plaintiff to the individual employees actually taking and handling the telephone calls from members of the public – worked remotely.

25.     Plaintiff's boss reported directly to a manager who physically worked at Goldschmitt's Sterling, Virginia location.

26.     Every class member in this case, including Plaintiff, reported to and received direction from Goldschmitt's headquarters in Sterling, Virginia.

27.     Goldschmitt actively recruited employees for remote-only positions. Goldschmitt also sent its remote employees laptops and headsets so they could perform the work tasks they received from the Sterling, Virginia Facility (including Plaintiff).

28.     Goldschmitt did not require its employees who worked on the project to come into the office.

29.     Plaintiff and the putative class members reported to and received work assignments from the Facility.

30.     They received direction from, their work was assigned by, and they reported to the Facility – Goldschmitt's headquarters in Sterling, Virginia.

31.     Goldschmitt did not assign Plaintiff or putative class members to any regular, fixed place of work; it permitted them to work from locations of their choice.

32.     Plaintiff's and the putative class members' primary work duties thus involved work outside of Goldschmitt's regular employment sites.

33.     Nevertheless, the Facility was Plaintiff's and putative class members' "home base," from which their work was assigned and to which they reported.

34.     On or about April 24, 2025, Defendant informed a group of employees, including Plaintiff, that their jobs would be terminated on May 1, 2025.

35.     Upon information and belief, at least 217 employees were terminated from the Facility.

36.     Goldschmitt sent a notice on April 24, 2025 to Virginia Works regarding this layoff – in that notice, it represented the location of the layoff as Sterling, Virginia.[1]

37.     Plaintiff was terminated on May 1, 2025.

---

[1] https://virginiaworks.gov/warn-notice/auto-draft-15/

38.     At all times pertinent to this Complaint, Goldschmitt exercised full control over Plaintiff's group and directed the terminations at issue in this case.

39.     Defendant did not provide proper WARN Act Notice, 60 days in advance, as required by 29 U.S.C. §§ 2101 *et seq.* even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

40.     Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

41.     By failing to provide its affected employees who were temporarily or permanently terminated on or around May 1, 2025, with proper WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the WARN Act.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of May 1, 2025

43.     Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied.  For example:

   a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b. Questions of law and fact are common to each class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

c. Plaintiff is a member of the class and brings claims typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

44.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

45.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

46.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only

7

individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

## COUNT I
### VIOLATION OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq.*
### (WARN Act)
### (*On behalf of Plaintiff and the putative class*)

47.   Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

48.   Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(1).

49.   Plaintiff and the putative class were at all relevant times "affected employee[s]" within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(5).

50.   The terminations on May 1, 2025, resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees. Any ongoing terminations, occurring within any 90-day period, frontward or backward facing, may be aggregated. 29 U.S.C. § 2102(d).

51.   For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Facility constitutes a single site of employment in that each employee's facility was the location to which relevant employees were assigned as the home base, the place from which work was assigned, and the place to which they reported for work.

52.   The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §]

8

3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

53.     On information and belief, Defendant did not give 60 days' written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and the putative class, as that term is defined in 29 U.S.C. § 2101(a)(5).

54.     Defendant violated the WARN Act by failing to give timely written notice of the mass layoff or plant closing as required by 29 U.S.C. § 2102(a), which began on or about May 1, 2025.

55.     As such, Plaintiff and the putative class are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

56.     The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

57.     Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant have no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1.     Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and counsel of record as Class Counsel;

2.     A declaration that Defendant violated the WARN Act;

9

3. A judgment against Defendant and in favor of Plaintiff and the putative class for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendant and in favor of Plaintiff and the putative class for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and the putative class during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendant and in favor of Plaintiff and the putative class for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.


Dated: April 17, 2026                          Respectfully submitted,

                                               /s/ *Michael Tackeff*
                                               J. Gerard Stranch, IV (TN BPR #23045)
                                               Michael C. Tackeff (TN BPR # 036953)
                                               **STRANCH, JENNINGS, & GARVEY, PLLC**
                                               223 Rosa Parks Ave. Suite 200
                                               Nashville, TN 37203
                                               Telephone: 615/254-8801
                                               Facsimile: 615/255-5419
                                               gstranch@stranchlaw.com
                                               miadevaia@stranchlaw.com


10

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Phone: 872.263.1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Ian Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com
ibensberg@cohenmalad.com

Devon J. Munro (VSB # 47833)
**Munro Byrd, P.C.**
4235-A Colonial Ave.
Roanoke, VA 24018
Firm: (540) 283-9343
Direct: (540) 283-9889
Fax: (540) 283-5162
dmunro@trialsva.com


*\* Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*


## CERTIFICATE OF SERVICE

I, Devon J. Munro, certify that I filed the foregoing Amended Complaint on April 17, 2026 with the ECF filing system, which should serve a copy upon all counsel of record by email.

*/s/ Devon J. Munro*

11