UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ELLIS HUBBARD III, *individually and on behalf of those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>GOLDSCHMITT & ASSOCIATES, LLC,<br><br>Defendant. | Case No. 1:25-cv-812 (RDA/WBP)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

Plaintiff Ellis Hubbard III ("Plaintiff"), individually and on behalf of those similarly situated former employees as defined herein, respectfully submits this response brief to Goldschmitt & Associates, LLC ("Defendant")'s Renewed Motion to Dismiss the Amended Complaint. D.E. 21, 23, 24.

**FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff filed this case on May 9, 2025, seeking relief under the federal WARN Act following his termination from Defendant's employ. D.E. 1. Defendant moved to dismiss, and this Court granted that Motion on March 18, 2026. D.E. 4, 5, 13, 18, 19, 20; *see also Hubbard v. Goldschmitt & Assocs., LLC*, No. 1:25-CV-812 (RDA/WBP), 2026 WL 767685 (E.D. Va. Mar. 18, 2026). This Court's March 18 order expressly permitted amendment. D.E. 20 at 8, PageID#100. Plaintiff's Amended Complaint supplies additional factual details regarding Plaintiff, his employment, and Defendant's employment practices. D.E. 21.

The factual genesis of this case was Goldschmitt's purchase of a Small Business Administration-affiliated call center project. D.E. 21 at ¶¶ 18–22. All employees of this call center, including Plaintiff, worked remotely, and Goldschmitt actively recruited employees for remote-only positions, providing them with laptops and headsets to facilitate their work for the company. D.E. 21 at ¶¶ 24, 27, 28. All of these employees reported to Goldschmitt's headquarters in Sterling, Virginia, which was their home base. D.E. 21 at ¶¶ 26, 29, 30, 33. Goldschmitt never required these workers to come into the office. D.E. 21 at ¶¶ 28, 31. In April 2025, Goldschmitt terminated its employees with about a week of notice. D.E. 21 at ¶¶ 34–37. When Goldschmitt sent a notice to Virginia's governmental authorities that it had laid off a number of employees, including Plaintiff, it represented the location of the layoff as Sterling, Virginia. D.E. 21 at ¶ 36.[1] Goldschmitt violated the WARN Act by terminating employees without notice. D.E. 21 at ¶¶ 7–10, 17, 39, 41.

This Defendant, then, not only took advantage of the remote work economy but actively recruited employees for remote-only jobs. It supervised remote employees from its headquarters after purchasing a project / set of employees that were already running an ongoing business operation. It expressly permitted remote work and encouraged it. Then, when this employer decided to let a large number of employees go, the employer represented to a state government that the location of those employees (and of the layoff) was its home base: Sterling, Virginia. Now, after firing all of those employees, Goldschmitt seeks in this case to effectively double-dip and

[1] The Court can take judicial notice of this information, as it is on a public government website. https://virginiaworks.gov/warn-notice/auto-draft-15/. *See Gebregzhiaber v. Donis*, No. 1:25-CV-101 (PTG/WBP), 2026 WL 510419, at *2 n.2 (E.D. Va. Feb. 24, 2026); *J.E.C.M. by & through Saravia v. Marcos*, 689 F. Supp. 3d 180, 184 n.1 (E.D. Va. 2023). And this is more than simply an innocuous data entry on a spreadsheet housed within a government website – this is a representation of fact by the defendant-business to the government of where something was happening.

evade the provisions of the WARN Act. This result – which effectively turns remote employees into second class employees who are stripped of legal protections others enjoy – is unjust and is not consistent with the WARN Act's remedial purpose.

**ARGUMENT**

Plaintiff anticipates that this Court could dismiss his Complaint again based on its analysis in the first order on Goldschmitt's first Motion to Dismiss. D.E. 20. This brief and the Amended Complaint together serve two functions: to create a sufficient record for an appeal (should Plaintiff elect to appeal), and to persuade this Court that the better course in this case is to develop the factual record at this stage. Simply – the money that these remote employees generated for Goldschmitt was not somehow less green than the money generated by employees not working remotely. A distinction between remote workers and non-remote workers is not countenanced by the plain text of the WARN Act, certainly not at this early stage of the case. In effect, by dismissing this case on the basis of remote versus non remote work, this Court will be granting numerous inferences in favor of Defendant. That is improper at this stage. On a motion under Rule 12(b)(6), "[t]he district court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

The federal courts have been recently wrestling with the question of remote workers under the WARN Act. *Compare* D.E. 20 at 7 (applying "mobile worker carveout" "narrowly"), *with Schwab v. Rsch. Triangle Inst.*, No. 1:25CV481, 2026 WL 673105, at *5 (M.D.N.C. Mar. 10, 2026) (noting that if plaintiff amended, "the Parties will later be able to make fact-specific arguments after discovery about which subparts of § 639.3(i) fit best and which site-of-employment determination would result"), *Smith v. Zulily, LLC*, No. C24-1480-KKE, 2025 WL

1383670, at *3 (W.D. Wash. May 13, 2025) (pushing arguments about remote workers to later stage in litigation), *and In re Party City Holdco Inc. Hanlon v. Party City Holdco, Inc.*, No. 24-90621, 2025 WL 1888172, at *6 (Bankr. S.D. Tex. July 8, 2025) (expressly noting remote workers are covered by the WARN Act). Indeed, *Meson*, which this Court cited extensively in its order, *Meson v. GATX Tech. Servs. Corp.*, 507 F.3d 803 (4th Cir. 2007), was an appeal from a summary judgment order.

This debate is largely academic at the outset of a case, because insufficient factual evidence is present in the record to make a decision about fact-intensive questions like site of employment. Because the single site of employment question is a mixed question of fact and law, *Schwab*, 2026 WL 673105, at *4, it is poorly suited to resolving at an early stage. Because this Court cannot resolve factual disputes at the Rule 12 stage, *e.g.*, *Byers v. Painter*, 173 F.4th 155, 158 (4th Cir. 2026), Goldschmitt's arguments are not suitable for disposition now. Mixed questions of law and fact are generally not susceptible to resolution at the Rule 12 stage. *See, e.g.*, *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 298 (7th Cir. 1995) ("Whether the totality of the circumstances show that some act had been coerced is a mixed question of law and fact that cannot be determined on a motion under Rule 12(b)(6)."); *U.S. S.E.C. v. Syron*, 934 F. Supp. 2d 609, 630 (S.D.N.Y. 2013) (materiality context); *St. John's Univ., New York v. Bolton*, 757 F. Supp. 2d 144, 164 n.10 (E.D.N.Y. 2010) ("Whether the assignments actually occurred on that date or at some other time is a mixed question of law and fact the court cannot resolve on a motion to dismiss, and without any of the relevant facts."); *Fraternal Ord. of Police v. Gates*, 562 F. Supp. 2d 7, 11 (D.D.C. 2008) ("The court must treat the complaint's factual allegations—including mixed questions of law and fact—as true, drawing all reasonable inferences in the plaintiff's favor.").

Effectively, to conclude that a remote employee's single site of employment is his house at this early stage of the case is not only inconsistent with the WARN Act but is nonsensical. A remote employee's direction and supervision does not come from his house. Indeed, the Amended Complaint explicitly pleads that these employees' direction came from Sterling, Virginia. D.E. 21 at ¶¶ 5, 6. Dismissing this case means affording *Defendant* rather than plaintiff the benefit of multiple inferences that are unjustified at this stage.

The *Meson* case is not apposite, and its dicta is inconsistent with the actual text of the WARN Act. *Meson* concerned a plaintiff who "traveled a lot from point to point." *Meson*, 507 F.3d at 809. The dicta in that case regarding the scope of subpart six is inconsistent with the text of the WARN regulations themselves. *Meson*, 507 F.3d at 809 ("we believe [subpart 6] was intended to apply only to truly mobile workers without a regular, fixed place of work"). This is inconsistent with the actual text of Subpart 6, which is phrased in the disjunctive multiple times, using "or" twice. 20 C.F.R. § 639.3(i)(6). The first category of covered workers are those who travel from "point to point" (like the plaintiff in *Meson*), the second category is "outstationed" workers, and the third category is workers whose primary duties involve work outside of the employer's regular employment sites.[2] Remote workers could clearly fit into category two (outstationing) or category three (outside the regular employment site). Thus, the second clause of that sentence kicks in – the single site of employment "from which [Hubbard's] work [was]

[2] The regulation's parenthetical after category three lists three types of workers preceded by the phrase "e.g." *Meson* ignores what "e.g." means. As the Fourth Circuit has said recently, "'e.g.' indicates the nonexclusive nature of the listed elements of funds management." *Brainchild Surgical Devices, LLC v. CPA Glob. Ltd.*, 144 F.4th 238, 249 (4th Cir. 2025) (quoting *E.G.*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "e.g." as "[f]or example")); *see also ImmunoGen, Inc. v. Vidal*, 653 F. Supp. 3d 258, 286 (E.D. Va. 2023) ("The Federal Circuit has also noted that 'a person of ordinary skill in the art would not understand the 'e.g.' phrase to constitute an exclusive definition.' And, of course, 'e.g.,' means 'for example.'") (quoting *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1374 (Fed. Cir. 2014)).

assigned" "will be the single site" for WARN purposes. This complex definitional structure comes with an application instruction: "The application of this definition with the intent to evade the purpose of the Act to provide notice is not acceptable." 20 C.F.R. § 639.3(i)(8). That is why other courts have said that "[a]s with other employment arrangements, the applicability of subpart (6) to remote workers is a fact-intensive inquiry." *Schwab*, 2026 WL 673105, at *4 n.2.

Even assuming that *Meson* forecloses relief under Subpart 6 of this regulation (it does not), Plaintiff could certainly also qualify under Subpart 8, a catch-all definitional section that applies to other "unusual" situations. *See, e.g.*, *Piron v. Gen. Dynamics Info. Tech., Inc.*, No. 3:19CV709, 2022 WL 363958, at *9 n.3 (E.D. Va. Feb. 7, 2022) (quoting 20 C.F.R. § 639.3(i)(8) and noting that here was not enough evidence in the record to analyze the issue on class certification). This kind of definition ("The term 'single site of employment' may also apply to truly unusual organizational situations where the above criteria do not reasonably apply.") is a safety valve that requires factual development to determine what is unusual.[3]

In a parade of horribles hypothetical, Goldschmitt avers that the WARN Act never intended coverage for a remote employee who works from Northern Maine for a supervisor working in Honolulu. D.E. 23 at 8, PageID# 124. That situation is not before the Court, and in any event, the WARN Act is construed broadly in line with its remedial nature. *Roberts v. Genting New York LLC*, 68 F.4th 81, 89 (2d Cir. 2023) ("Because it is a remedial statute, we construe the WARN Act's terms liberally."); *Loc. Union 7107 v. Clinchfield Coal Co.*, 124 F.3d 639, 640 (4th Cir. 1997) (same principle). Mr. Hubbard "must get [his] orders or assignments from somewhere[.]"

---

[3] The ruling in *Karroll v. Car Toys, Inc.*, 765 F. Supp. 3d 506, 520 (D.S.C. 2025), on this point is incorrect. Rule 8 expressly permits pleading in the alternative. *Karroll* also concerned workers traveling to service various company-owned kiosks. *Id.* at 522. It did not address remote work situations.

Worker Adjustment and Retraining Notification, 54 Fed. Reg. 16042-01, 16051, 1989 WL 278605). This assertion by Goldschmitt effectively relegates employees working remotely to second class status. That result makes no sense under the WARN Act. If employers can simply structure their (hybrid, remote, fully remote, partially remote, whatever formulation applies) workforces to evade liability under WARN, they will do so.

In this case, Goldschmitt specifically represented to a government agency that the location of these layoffs was Sterling, Virginia. D.E. 21 at ¶ 36. In other words, this Defendant availed itself of the WARN Act's notice procedures to provide (less than adequate) notice to a state agency. 29 U.S.C. § 2102(a)(2) (requiring notice to state agency); 29 U.S.C. § 2104(a)(3) ($500 civil penalty per day for failure to notify local government). Defendant should be judicially and equitably estopped from now arguing – after it already represented to a state agency that the location of the layoffs was Sterling, Virginia – that the single site of employment was somewhere else (like this particular Plaintiff's home). Though judicial estoppel is not generally reducible to any "general formulation of principle[,]" *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001), Goldschmitt's litigation position here is completely different than its position in front of the Virginia state authorities on this same question; the State of Virginia accepted, processed, and posted Goldschmitt's notice on its website; and it would be grossly inequitable to permit Goldschmitt to reap the rewards of telling a government agency the layoffs happened in one place and then telling this Court they happened somewhere else. The location of layoffs is a representation of fact. Goldschmitt is playing fast and loose with the facts intentionally to gain an unfair advantage over Plaintiff. *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996) (explaining determinative nature of unfair advantage prong of judicial estoppel inquiry); *see also Plant v. Merrifield Town Ctr. Ltd. P'ship,* 711 F. Supp. 2d 576, 596 (E.D. Va. 2010) (noting equitable

estoppel involves misrepresentations of fact inducing reliance). The notice at the very least suggests that Goldschmitt treated employees as operating from one site, which is why it included them in its count to the State. This issue cannot be resolved on a motion to dismiss because it is a factual question.

**CONCLUSION**

This case already abounds with factual questions that cannot be resolved on a motion to dismiss. On a motion to dismiss, the Court must draw all inferences in favor of the pleading party. Resolving a factual question or a mixed question of fact and law (like single site of employment) at this stage is improper. The Motion should be denied.

Dated: May 27, 2026

Respectfully submitted,

/s/ *Michael Tackeff*
J. Gerard Stranch, IV (TN BPR #23045)
Michael C. Tackeff (TN BPR # 036953)
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Phone: 872.263.1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Ian Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com
ibensberg@cohenmalad.com

Devon J. Munro (VSB# 47833)
Munro Byrd, P.C.
4235 Colonial Ave.
Roanoke, VA 24018
Firm: (540) 283-9343
Direct: (540) 283-9889
Fax: (540) 283-5162
dmunro@trialsva.com

* *Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*

## Certificate of Service

I, Devon Munro, certify that on May 27, 2026, I filed this brief in opposition with the Court's ECF system, which should serve a copy on all counsel of record.

*/s/ Devon J. Munro*